# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                              )
**KYL V. MYRICK,**                            )
                                              )
    **Plaintiff,**               )
                                              )    **Civil Action No.**
    **v.**                      )    **13-12783-FDS**
                                              )
**EQUAL EMPLOYMENT OPPORTUNITY**              )
**COMMISSION,**                               )
                                              )
    **Defendant.**               )
_____)

## MEMORANDUM AND ORDER

**SAYLOR, J.**

    Plaintiff Kyl V. Myrick, a self-described African-American resident of Brookline, Massachusetts, filed a self-prepared complaint against the Equal Employment Opportunity Commission alleging "administrative negligence." *See* Docket No. 1. With his complaint, Myrick filed (1) an Application to Proceed Without Prepayment of Fees, (2) a copy of the October 28, 2013 Dismissal and Notice of Rights that he received from the Equal Employment Opportunity Commission ("EEOC"), and (3) a copy of the September 20, 2013 motion for sanctions against the Massachusetts Commission Against Discrimination ("MCAD") that Myrick appears to have filed in the Suffolk County Superior Court. *Id.* By Electronic Orders dated November 4 and 7, 2013, plaintiff's two motions for emergency hearing were denied. See Docket Nos. 5, 7. On January 10, 2014, Myrick filed a one-page "Ex Parte Motion to Vacate Administrative Dismissal" accompanied by a copy of the April 26, 2013 Dismissal and Notice of Rights that he received from the Massachusetts Commission Against Discrimination. *See* Docket No 8.

The complaint consists primarily of a recounting of events surrounding plaintiff's unsuccessful efforts in filing an employment discrimination charge against his former employer, Harvard University.  Plaintiff complains, among other things, that the EEOC adopted the lack of probable cause finding of the MCAD.

I.      **Analysis**

A.      **The Motion for Leave to Proceed *In Forma Pauperis***

A litigant filing a complaint in this Court must either (1) pay the $350 filing fee and the $50 administrative fee, *see* 28 U.S.C. § 1914(a) ($350 filing fee for all non-habeas civil actions), or filed a motion for leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*).[1]  Here, plaintiff's application indicates that he does not have the funds to pay the filing fee.  Accordingly, his application is granted.

B.      **The Complaint Is Subject to Screening**

Because plaintiff has been permitted to proceed without prepayment of the filing fee, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2).  This statute authorizes federal courts to dismiss an action in which the plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim for relief, or seeks monetary damages against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001).

In conducting a preliminary screening, this Court will liberally construes the complaint because plaintiff is proceeding *pro se.  See Hughes v. Rowe*, 449 U.S. 5, 9 (1980);  *Haines v.*

---

[1] The $50 administrative fee became effective May 1, 2013.  *See* Judicial Conference Fee Schedule.

*Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, even under a liberal construction, his claim is subject to dismissal for the reasons discussed below.

> ### C.   There Is No Basis for Allowing Plaintiff to Proceed in an Action Against the EEOC

Under Title VII, persons who believe they have suffered employment discrimination are granted the "remedies, procedures, and rights" as set forth in Section 706(f)(3), 42 U.S.C. § 2000e-5(f)(3); Section 707(b), 42 U.S.C. § 2000e-6(b); and Section 717(c), 42 U.S.C. § 2000e-16(c). Thus, following final action taken by an employing agency or an appeal taken to the EEOC following an agency decision, an employee may file a civil action against the employing agency. *Id.* § 2000e-16(c).

Although the provisions of Title VII grant courts jurisdiction to entertain suits against respondent employers who discriminate against their employees or applicants, none of the above provisions confers jurisdiction over a suit against EEOC for actions it takes in carrying out its enforcement responsibilities. The right to sue one's former employer *de novo*, *see* 42 U.S.C. § 2000e-5(f)(1), is the sole remedy for the kind of EEOC misfeasance alleged by plaintiff and there is no implicit right to sue the EEOC directly. *Feldstein v. E.E.O.C.*, 547 F. Supp. 97, 99 (D. Mass. 1982). Title VII nowhere authorizes complainants who are dissatisfied with the EEOC's processing and investigation to file suit against the EEOC. *See McCottrell v. E.E.O.C.*, 726 F.2d 350, 351 (7th Cir. 1984) ("Title VII does not provide either an express or implied cause of action against the EEOC to challenge its investigation and processing of a charge."); *Francis-Sobel v. University of Maine*, 597 F.2d 15, 16 (1st Cir. 1979) (no constitutional cause of action exists against the EEOC for assistance "by the EEOC that was worse than useless").

3

Although plaintiff seeks recovery from the EEOC, the complaint does specifically seek recovery for an alleged Title VII violation by plaintiff's former employer.  Accordingly, his complaint is subject to dismissal.

### D.    Order to File a Response and/or an Amended Complaint

In light of the above, this action shall be dismissed within 14 days from the date of this memorandum and order unless plaintiff shows cause why his complaint should not be dismissed or files an "amended complaint."

Failure to comply with these directives or to provide a sufficient show-cause response or amended complaint will result in dismissal of this action.  No summonses shall issue pending further order of the Court.

## II.    Conclusion

Based on the foregoing it is hereby ordered that:

1.    Plaintiff's Motion to Proceed *in forma pauperis* (#2) is ALLOWED;

2.    Plaintiff's Motion to Vacate Administrative Dismissals is DENIED;

3.    Plaintiff shall, within 14 days of the date of this memorandum and order, show cause why this action should not be dismissed, or he shall file an amended complaint;  and

4.    No summons shall issue pending further order of the Court.


**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated:  January 10, 2014                          United States District Judge