# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
                                        )
**KYL V. MYRICK,**                      )
                                        )
    **Plaintiff,**   )
                                        )    **Civil Action No.**
    **v.**            )    **13-12783-FDS**
                                        )
**EQUAL EMPLOYMENT OPPORTUNITY**        )
**COMMISSION,**                         )
                                        )
    **Defendant.**    )
_____)

## ORDER DENYING PLAINTIFF'S SECOND *EX PARTE* MOTION TO VACATE

**SAYLOR, J.**

Plaintiff Kyl V. Myrick initiated this action by filing a self-prepared complaint against the Equal Employment Opportunity Commission ("EEOC").  Plaintiff filed a charge of discrimination against his former employer with the Massachusetts Commission Against Discrimination ("MCAD"), which was dual-filed with the EEOC.  Plaintiff alleges that during the MCAD proceedings, he informed MCAD that his former employer had submitted numerous false statements and affidavits.  Compl. at ¶ 2.  He complains that MCAD itself had set down falsehoods, ignored plaintiff's arguments, and issued a lack of probable cause finding.  *Id.* Plaintiff complains that the EEOC adopted the "mistake-filled findings [of the MCAD]" and dismissed his case.  *Id.* at ¶ 3.  For relief, plaintiff asks this Court to "require the EEOC to reverse its dismissal of case 16C-2011-00796, that the Court, in the interest of the administrative dual-filing symmetry, instruct the EEOC to compel the MCAD to vacate its own LOPC decision, that as penalty the current Defendant, independently of the MCAD, be bound to pay [Myrick] 80,000 USD (less than 1/20 the value of his remaining career, assuming moderate occupation

advancements) for the EEOC's having contributed to pain and suffering and employment vulnerability, and that the Court impose any other remedies it deems suitable." *Id.*

By Memorandum and Order dated January 10, 2014, the Court, among other things, permitted Myrick to proceed *in forma pauperis* and granted him until January 24, 2014, to show good cause why this action should not be dismissed or file an amended complaint. *See* Docket No. 9. The January 10 Memorandum and Order denied Myrick's motion to vacate the administrative dismissals and advised him that the only remedy for a complaining party who is dissatisfied with EEOC's actions on his charge of employment discrimination is to bring an action against the employer in federal court. *Id.* The Court noted that plaintiff had brought his complaint against the EEOC and not against his former employer.

Rather than file a show-cause reply or an amended complaint, Myrick filed a one-page Motion to Vacate Administrative Dismissals. *See* Docket No. 11. In that motion, plaintiff restated many of the allegations from his original complaint. He also alleged that he was deprived of the "concilation mechanism" [sic] of the EEOC and refers to *E.E.O.C. v. Bass Pro Outdoor World, LLC*, No. 4:11–CV–3425, 2013 WL 5515345, *4 (S.D. Tex. 2013). Myrick concludes his motion by stating that he is "amenable to adhering to the original monetary relief of 80,000 USD . . . [and hoping that this cases's] first Motion to Vacate can simply be continued without ruling, while leaving the surrounding Complaint intact." *Id.*

In order to pursue a claim of discrimination against an employer, a plaintiff must timely file a verified charge with an administrative body, either the EEOC or MCAD, and receive a right-to-sue letter. *See Aly v. Mohegan Council, Boy Scouts of Am.*, 711 F.3d 34, 41 (1st Cir. 2013). To the extent plaintiff complains that the EEOC has failed to engage in conciliation efforts, Title VII does not impose rigid strictures upon the course of processing charges of

discrimination.[1]  Once the EEOC determines that there is no reasonable cause to believe that a charge is true, it must dismiss the charge and issue the complainant a statutory right-to-sue letter.

Based on the foregoing it is hereby ordered that Plaintiff's second Motion to Vacate Administrative Dismissals is DENIED.   Plaintiff has until January 24, 2014, to show good cause why this action should not be dismissed or file an amended complaint.  Failure to comply with the directives outlined in the January 10 Memorandum and Order will result in dismissal of this action.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: January 15, 2014

---

[1] The conciliation attempts at issue in *E.E.O.C. v. Bass Pro Outdoor World, LLC*, No. 4:11–CV–3425, 2013 WL 5515345, *4 (S.D. Tex. 2013), arise when the EEOC files suit against a defendant employer for violations of Title VII.  Such is not the case here.