# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
)
**KYL V. MYRICK,**                                )
)
      **Plaintiff,**                           )
)
      **v.**                                    )      **Civil Action No.**
)      **13-12783-FDS**
**EQUAL EMPLOYMENT OPPORTUNITY**                   )
**COMMISSION,**                                   )
)
      **Defendant.**                           )
_____)

## MEMORANDUM AND ORDER

**SAYLOR, J.**

On January 15, 2014, the Court denied plaintiff's second *ex parte* motion to vacate administrative dismissals and directed him to show good cause why this action should not be dismissed.  *See* Docket Nos. 9, 12.  Both the January 10 and January 15 Orders explained that the only remedy for a charging party who is dissatisfied with EEOC's actions on his charge of employment discrimination is to bring an action against the charged employer in federal court. *See* 42 U.S.C. § 2000e-5(f)(1).  There is no right to sue the EEOC directly.  *Feldstein v. E.E.O.C.*, 547 F. Supp. 97, 99 (D. Mass. 1982).  Once the EEOC determines that there is no reasonable cause to believe that a charge is true, it must dismiss the charge and issue the complainant a statutory right-to-sue letter.

On January 24, 2014, plaintiff filed a response to the order to show cause and a motion to add a defendant.  *See* Docket No. 13.  Plaintiff seeks to add the MCAD as a defendant and argues that both MCAD and EEOC have waived absolute immunity such that this court should have jurisdiction.  Plaintiff again complains that the administrative agencies gave too much weight to "false testimony" on respondent's behalf.  He again asks the Court to vacate the EEOC dismissal

and compel the MCAD to reverse the lack of probable cause finding.

Plaintiff's show-cause response contains similar deficiencies as his original complaint. Furthermore, to the extent he seeks to bring suit against the MCAD, such a claim would also be subject to dismissal.  This Court has no authority to review judgments entered by the MCAD.  To the contrary, Mass. Gen. Laws ch. 151B, § 6 provides that any person "aggrieved by such order of the commission may obtain judicial review" and that "such proceeding shall be brought in the superior court of the commonwealth."  And to the extent that plaintiff seeks money damages from the MCAD, the Commission is a state agency and therefore such a claim would be barred by the Eleventh Amendment.  *See Welch v. State Department of Highways*, 483 U.S. 468 (1987); *Alabama v. Pugh*, 438 U.S. 781 (1978); *Edelman v. Jordan*, 415 U.S. 651 (1974).

After carefully reviewing plaintiff's response, the Court finds that he has failed to demonstrate why this action should not be dismissed.   Accordingly, and in accordance with this Court's order dated January 10, 2014, plaintiff not having shown good cause otherwise, pursuant to 28 U.S.C. § 1915(e)(2), this action is hereby DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated:  February 24, 2014

2